Philip D. BARGAS, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner Social Security Administration, Defendant—Appellee.

No. 05–35860.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.**

Filed Jan. 8, 2008.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kimberly K. Tucker, Esq., Alan Stuart Graf PC, Portland, OR, Alan Stuart Graf, Esq., Alan Graf, P.C., Summertown, TN, for Plaintiff–Appellant.

Neil J. Evans, Esq., U.S. Attorney's Office, Karen Immergut, Esq., Office of the U.S. Attorney, Portland, OR, Franco Becia, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, BERZON, Circuit Judges, and BARZILAY, Judge.***

MEMORANDUM ****

Philip D. Bargas ("Bargas") appeals from the district court's order affirming the Administrative Law Judge's ("ALJ") denial of supplemental security income at the fifth step of the Social Security benefits review process. *See* 20 C.F.R. § 416.920(a)(4)(v). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

Although the ALJ characterized Bargas's diabetes, depression, and thrombocytopenia as "severe impairments" during his step two analysis, he found Bargas was not disabled and capable of performing jobs with light work requirements during his step five analysis. In reaching this conclusion, the ALJ discredited Bargas's testimony and rejected the joint medical opinion of examining physicians Dr. Charles Bury ("Dr. Bury") and Physician's Assistant Roger Cummings ("PA Cummings").

*** Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bargas, however, contends that the ALJ erroneously discredited his testimony with respect to the impairments and limitations that result from his thrombocytopenia and depression. Specifically, Bargas makes two claims: (a) the ALJ failed to provide adequate reasoning for his decision to reject Bargas's testimony regarding thrombocytopenia; and (b) the ALJ erroneously discredited Bargas's symptoms of depression because his determination was based on an insufficiently developed record. We agree.

■ "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific cogent reasons for the disbelief." *Orn v. Astrue,* 495 F.3d 625, 635 (9th Cir.2007) (quotations and citation omitted). The ALJ did not explicitly detail his reasons for disregarding Bargas's testimony about his thrombocytopenia, but rather limited his discussion to a general recitation of Bargas's medical history. He failed, however, to properly consider evidence that revealed Bargas's continuing struggle to maintain control of the disease. In particular, the ALJ failed to note Bargas's thrombocytopenic relapses in May 2002 and February 2003, and four chemotherapy sessions in May and June 2002. This pattern of periodic relapses lends support to Bargas's claim that he is disabled by his thrombocytopenia. Coupled with the ALJ's failure to adequately state the reasons for his disbelief, this oversight leads us to conclude that the ALJ improperly discredited Bargas's testimony regarding the impact of his thrombocytopenia on his ability to work.

On remand, the ALJ must satisfy his "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996) (quotations and citation omitted). We instruct the ALJ to determine during his step five analysis whether Bargas's pattern of thrombocytopenic relapses would either (1) support a finding that Bargas was disabled during some or all of the period between his application and the ALJ's ruling (and therefore is eligible for the payment of back benefits) or (2) is presently disabled by thrombocytopenia, either alone or in combination with other impairments.

■ Among these other impairments is Bargas's depression, which the ALJ found to be severe. Yet, the ALJ discredited Bargas's testimony about his depression, citing a lack of psychiatric treatment and an alleged absence of symptoms. He also appears to have implicitly discredited Dr. Bury's and PA Cummings's diagnoses of depression. Treating physicians Dr. Bury and PA Cummings twice supplied medical opinions supporting Bargas's allegations of depression: (1) in a February 2003 diagnosis by PA Cummings and (2) in a July 2003 joint opinion by Dr. Bury and PA Cummings citing Bargas's "depression with mixed anxiety." [1]

"Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record." *Orn,* 495 F.3d at 632. The ALJ supplied no such reasons here. In such circumstances, we may credit a medical opinion as true. *See Lester v. Chater,*

1. Under the Social Security Act, an individual is disabled if "he is unable to engage in any substantial activity by reason of any medically determinable physical or mental impairment . . . which has lasted *or can be expected to last* for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (emphasis added). Although Bargas's diagno-

sis of depression occurred five months before the administrative hearing, the diagnosis and the medical opinion were sufficient to prompt an inquiry by the ALJ as to whether Bargas's depression could be expected to last for twelve months and whether the illness disabled Bargas.

81 F.3d 821, 834 (9th Cir.1995). We do so here, to the extent that the medical opinions establish that Bargas suffers from clinical depression and some form of anxiety disorder.

These medical opinions are insufficient to require the award of benefits on their own. They do, however, trigger the ALJ's responsibility to further develop the currently-limited medical record regarding the severity and extent of Bargas's depression. *See, e.g., DeLorme v. Sullivan,* 924 F.2d 841, 849 (9th Cir.1991). Without disturbing his step two finding that Bargas's depression is a severe impairment, on remand the ALJ should develop the record concerning the degree to which Bargas's depression prevents him from performing other work in the national economy and should incorporate these findings into his new step five analysis. During this analysis, the ALJ should reconsider the weight given to Bargas's own statements regarding his depression in light of the new evidence.

Perhaps because the ALJ did not adequately develop the record concerning Bargas's depression, he applied only the Medical–Vocational Guidelines ("the grids") to determine that Bargas was not disabled. Generally, "[w]hen a claimant suffers from both exertional and non-exertional limitations, the grids are only a framework and a vocational expert ("VE") must be consulted." *Moore v. Apfel,* 216 F.3d 864, 870 (9th Cir.2000) (citations omitted). The ALJ may avoid consulting a VE only when the petitioner's non-exertional limitations do not "limit further the range of work permitted by exertional limitations...." *Lounsburry v. Barnhart,* 468 F.3d 1111, 1115 n. 2 (9th Cir.2006) (citations omitted). "Use of a vocational resource may be helpful in the evaluation of what appear to be 'obvious' types of cases.

In more complex situations, the assistance of a vocational resource may be necessary." SSR 83–14 at *4; *see also Desrosiers v. Sec'y of Health and Human Serv.,* 846 F.2d 573, 578 (9th Cir.1988) (Pregerson, J. concurring). The treating physicians' diagnoses suggest Bargas's depression may additionally reduce his range of work, thus creating a more "complex" situation. On remand, the ALJ should consult a VE in addition to using the grids during his step five analysis.

Therefore, we reverse and remand to provide the ALJ with an opportunity to develop the record and reevaluate Bargas's application for benefits at step five, taking into consideration any newly collected evidence of depression and all available evidence of thrombocytopenia. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.2004) (stating that remand for further administrative proceedings is appropriate where enhancement of the record would be useful).

**REVERSED AND REMANDED.**